UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHAMBERS BROADSPIRE SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 2:25-cv-01049-GMN-EJY<br><br>**AMENDED ORDER<br>AND<br>REPORT AND RECOMMENDATION**<br><br>**(Vacating ECF No. 6)** |

　　　　On July 2, 2025, the Court issued an Order granting Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and recommending Plaintiff's First Amended Complaint (ECF No. 4) be dismissed with prejudice because the Court lacks subject matter jurisdiction over the dispute. ECF No. 6. On July 7, 2025, Plaintiff filed a Second Amended Complaint. ECF No. 7. Because the Second Amended Complaint effectively nullifies the First Amended Complaint but, unfortunately, again fails to establish a basis for the exercise of federal jurisdiction, the Court vacates its Order and Report and Recommendation at ECF No. 6, and files this Amended Order and its Report and Recommendation in its place.

**I.　　Screening Standard**

　　　　Having granted Plaintiff's IFP application, the Second Amended Complaint is screened under 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

　　　　Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).

1

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

As stated in the Second Amended Complaint (ECF No. 7), Plaintiff lives in North Las Vegas, Nevada, and alleges Defendant Chambers Medical Group and its Nurse Practitioner Jared Head failed to provide him appropriate medical care and committed state law harm in what is reasonably

interpreted as a battery. *Id.* at 4. Plaintiff claims he suffered $100,000 in "medical bill pain and suffering and emotional distress" as well as punitive damage as a result of Defendants' actions. *Id*. Plaintiff identifies Chambers Medical Group as located on North Decatur Blvd., in Las Vegas, Nevada, and Jared Head as a Nurse Practitioner working for Chambers Medical Group. *Id*. at 2, 4. Plaintiff's allegations establish neither diversity nor federal question jurisdiction.

Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to a federal question jurisdiction. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations do not establish diversity jurisdiction. The Second Amended Complaint supports the conclusion that Plaintiff and Defendants are Nevada residents, which precludes the application of jurisdiction based on diversity. Plaintiff also does not allege any wrongdoing the vindication of which would fall under federal law or the U.S. Constitution. Battery is a Nevada state law tort claim that Plaintiff may pursue in a Nevada state court such as the Eighth Judicial District Court for Clark County.

### III.   Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to strike ECF No. 6 from the docket indicating the Order and Report and Recommendation are vacated.

### IV.   Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint (ECF No. 7) be DISMISSED without prejudice but without leave to amend in this Court.  This dismissal will allow Plaintiff, if he so chooses, to file his complaint alleging battery and other state law claims against the named Defendants in the Eighth Judicial District Court.

DATED this 23rd day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).